53 F.3d 329
 75 A.F.T.R.2d 95-2099
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Donnie G. FITZWATER, Defendant-Appellant.
 No. 94-5844.
 United States Court of Appeals, Fourth Circuit.
 Argued: April 7, 1995.
Decided: May 5, 1995.
 
 ARGUED: J. Michael Benninger, WILSON, FRAME, BENNINGER & METHENEY, Morgantown, WV, for Appellant. Sherry L. Muncy, Assistant United States Attorney, Elkins, WV, for Appellee. ON BRIEF: William D. Wilmoth, United States Attorney, Elkins, WV, for Appellee.
 Before WILLIAMS and MOTZ, Circuit Judges, BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Donnie G. Fitzwater appeals the sufficiency of the evidence to sustain his conviction on one count of filing a false 1988 tax return in violation of 26 U.S.C. Sec. 7206(1) (1988).
 
 
 2
 We will not reverse a conviction for insufficiency of the evidence unless, viewing all the evidence in the light most favorable to the prosecution, no rational trier of fact could have found the essential elements of the crime charged beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979). Furthermore, it is solely within the purview of the fact-finder to consider apparent inconsistencies in the evidence and assess the credibility of witness testimony. United States v. Russell, 971 F.2d 1098, 1109 (4th Cir.1992), cert. denied, 113 S.Ct. 1013 (1993).
 
 
 3
 Fitzwater and his wife ran a "personal care home" business in Fairmont, West Virginia. Viewed in the light most favorable to the Government, the evidence at trial proved that, although Mrs. Fitzwater[1] was primarily responsible for financial matters, Mr. Fitzwater was an active participant in the business. He negotiated fees with clients and personally helped conceal and falsify their income from the business. Undisputed evidence at trial revealed that Mr. Fitzwater underrepresented their 1988 income by $77,889. This was substantiated by 65 exhibits showing that Mr. Fitzwater endorsed and cashed checks for $50,950, often without keeping a record of these items of income. Indeed, total deposits to their business account for the 1988 calendar year were only $144,679.19, whereas gross receipts totalled at least $289,165.00. The circumstances of the case and the facts adduced at trial reasonably led the jury to find that Mr. Fitzwater was aware of the gross receipts of the business and chose to conduct the business in a manner to conceal and falsify their income. Finding that the evidence supports Mr. Fitzwater's conviction, we affirm.[2]
 
 
 4
 AFFIRMED.
 
 
 
 [1]
 Mrs. Fitzwater pled guilty to Count Two of the indictment on the day of trial, and testified against her husband
 
 
 [2]
 Mr. Fitzwater does not appeal his sentence of three years probation, with six months served in home confinement, fine, and restitution to the Internal Revenue Service in the amount of $16,130.00